DENNIS, Circuit Judge,
specially concurring.
I agree that White did not rebut the state court’s finding of no actual bias with clear and convincing evidence and that his case is distinguishable from Virgil v. Dretke, 446 F.3d 598 (5th Cir.2006). However, I disagree with the opinion’s application of the “clear error” standard of review to this case, because it is in conflict with holdings from four Circuits. I do not agree that, as a prerequisite to federal habeas relief, White must establish that the district court dearly erred when it determined that White did not rebut the state court’s finding of no actual bias with clear and convincing evidence. The district court’s determination that White did not rebut the state court’s finding of fact relied solely on a review of state court records; there was no evidentiary hearing.[1] Applying the persuasive holdings from our sister Circuits, the district court’s determination in this case cannot be considered a “finding of fact” that requires a deferential “clear error” review. While our court has not addressed this issue, four Circuits are in accord. For example, the Sixth Circuit has stated: “[f]actual determinations made by the district court are reviewed for clear error, except where the factual findings are based on the district court’s review of state court trial transcripts and other court records, in which case they are considered de novo.” Wilkins v. Timmerman-Cooper, 512 F.3d 768, 774 (6th Cir. 2008). “In such cases, because no eredibility determination or findings of fact are required, factual conclusions are reviewed de novo.” Dando v. Yukins, 461 F.3d 791, 796 (6th Cir.2006). The Tenth Circuit has stated, “when ... the district court’s findings of fact are based merely on a review of the state record, we do not give them the benefit of the clearly erroneous standard but instead conduct an independent review.” Spears v. Mullin, 343 F.3d 1215, 1225 (10th Cir.2003); see also Dugas v. Coplan, 506 F.3d 1, 7-8 (1st Cir.2007); Re v. Snyder, 293 F.3d 678, 680 (3d Cir.2002). As the First Circuit observed, “[w]hen the district court undertakes no independent factfinding in a habeas case, we are effectively in the same position as the district court vis-á-vis the state court record and have the ability to review that record from the same vantage point. Consequently, the district court’s recension of that record will engender de novo review.” Pike v. Guarino, 492 F.3d 61, 68 (1st Cir.2007); see also Dugas, 506 F.3d at 7-8, Dando, 461 F.3d at 796. Accordingly, I disagree with the opinion to the extent it conflicts with the holdings from our sister Circuits and does not review the district court’s determination de novo.

. The opinion cites to Myers v. Johnson, 76 F.3d 1330, 1333 (5th Cir.1996) in support of the proposition that “White must show the district court’s fact-finding on this issue is clearly erroneous." In Myers, the district court granted an evidentiary hearing and we accorded “clear error” deference to the findings of fact that followed the evidentiary hearing.